J-S26031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FELIX SUMMERS, | : | |
| | : | |
| Appellant | : | No. 2711 EDA 2014 |

Appeal from the PCRA Order August 20, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0101621-2002

BEFORE:   OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED JULY 20, 2016**

Felix Summers (Appellant) *pro se* appeals *in forma pauperis* (IFP) from the August 20, 2014 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We reverse the PCRA order, vacate Appellant's judgment of sentence, and remand for resentencing.

In 2006, Appellant was sentenced to life imprisonment without possibility of parole following conviction by a jury of first-degree murder and possessing an instrument of crime for events that occurred when Appellant was 17 years old.   The order from which Appellant filed the instant appeal denied his request for PCRA relief based upon, *inter alia*, the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), in which the Court held unconstitutional mandatory sentences of life

*Retired Senior Judge assigned to the Superior Court.

imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed homicides. The PCRA court determined that Appellant did not properly invoke the newly-recognized-constitutional-right exception to the PCRA's one-year timeliness requirement provided in 42 Pa.C.S. §9545(b)(1)(iii) because our Supreme Court held in **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), that **Miller** does not apply retroactively.

While this appeal was pending, the U.S. Supreme Court decided in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), that **Miller** announced a new substantive rule of law which applies retroactively. Thereafter, this Court held that **Montgomery** renders "retroactivity under **Miller** effective as of the date of the **Miller** decision." **Commonwealth v. Secreti**, 2016 Pa. Super. 28, 2016 WL 513341 at *5 (Pa. Super. filed February 9, 2016).

Under **Secreti**, Appellant's PCRA petition meets the timeliness exception provided by 42 Pa.C.S. § 9545(b)(1)(iii). Under **Miller**, **Montgomery**, and **Secreti**, Appellant is entitled to PCRA relief in the form of resentencing following judicial consideration of appropriate age-related factors. **See Commonwealth v. Batts**, 66 A.3d 286, 297 (Pa. 2013).[1]

---

[1]    [A]t a minimum [the sentencing court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.[2]

Judge Olson joins.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/20/2016

---

and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

**Batts**, 66 A.3d at 297 (quoting **Commonwealth v. Knox**, 50 A.3d 732, 745 (Pa. Super. 2012)).

[2] After this case was submitted to this panel, counsel entered his appearance on behalf of Appellant and filed a petition for remand requesting that this Court remand this case to the PCRA court. The Commonwealth filed a response agreeing that this Court should remand this case. Based on our disposition, we deny the petition for remand as moot.